The opinion of the court was delivered by
Manning, O. J.
The plaintiff is the holder of six bonds of the State-for one thousand dollars each, issued to the New Orleans, Jackson, andi Great Northern Railroad, with coupons payable semi-annually for thirty dollars each, on and after May 1, 1874. He applied to the Board of Liquidation to have them funded under the Act of 1874 (Sess. Acts, p, 39), and the amendatory act of the following year (Sess. Acts 1875, p. 110).
The answer of the Board is a general denial. The State intervenes-in behalf of the Eree School Eund and claims the bonds as the property of that fund, of which she is the trustee, averring that they lost-their negotiability when that fund became the owner thereof, and were no longer alienable. The Secretary of State and Treasurer, as custodians of the school fund join in the intervention.
The act of Congress of 1843, authorizing the sale of the lands theretofore reserved and appropriated for the use of schools, and the investment of the money arising from such sale in a productive fund; and the several acts of our legislature, passed for the purpose of carrying into-effect the intention of Congress, have been recited at length in the State ex rel. Durant v. the Board of Liquidation. 29 Annual, 77.
The constitution of 1852 declared that the proceeds of the sales of these lands shall be held by the State as a loan, and shall be a perpetual, fund on which the State shall pay an annual interest, which interest, shall be applied to the support of public schools, and such appropriation, shall remain inviolable, art. 137. The constitution of 1868 contains the same provision, art. 139. In 1872 the legislature undertook to abolish the free school fund — the same fund that had been created by Congress- and the General Assembly of this State — and required the Auditor of Public Accounts and the Treasurer to advertise and sell the bonds belonging to this fund; and further enacted that all moneys, bonds, and., other assets belonging to it should be transferred to another fund,. *47 created and to be known as the fund for the redemption of the floating debt of the State. Sess. Acts 1872, p. 134.
We held in Durant’s case that the legislature had not authority to divest the free school fund from the purposes to which it had been directed to be sacredly applied. But there is no proof in this record that the bonds of the plaintiff ever belonged to that fund. The report of the State Treasurer, and the advertisement of sale of bonds, and the report of that sale, mention a large number óf bonds that were then disposed of, and among them many belonging to the free school fund, but there is nothing to shew that these bonds were among them. There is nothing in the evidence that identifies these bonds with those sold under the act of 1872.
There is no dispute that the bonds of the plaintiff were issued in strict conformity to law — and not in violation of either the National or State constitutions — and for a valid consideration, and therefore they have the three qualities required by the Funding Act, and are entitled to be converted into State consols. But as the intervenors have not furnished any proof that they constituted a part of the Free School Fund, their intervention was properly dismissed.
The judgment of the lower court is affirmed.